IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RON KOLESAR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WOODFOREST NATIONAL BANK,<br><br>Defendant. | Case No. 1:12-cv-277-SJM  Erie<br><br>U.S. District Judge Sean J. McLaughlin<br><br>Electronically Filed |

**STIPULATION OF DISMISSAL AND PROPOSED ORDER**

Plaintiff Ron Kolesar ("Plaintiff") and Defendant Woodforest National Bank, by and through their undersigned counsel and pursuant to Fed. R. Civ. P. 41(a)(1)(A) and Fed. R. Civ. P. 23(e), hereby stipulate to the dismissal of this action, with prejudice as to Plaintiff's individual claims, and without prejudice as to the claims of any alleged class members.  No motion for class certification has been filed and no class has been certified in this action.  Accordingly, class notice and Court approval of the settlement are not required under Fed R. Civ. P. 23(e).  In exchange for the Plaintiff's individual release of claims set forth in a Confidential Settlement Agreement and Release dated as of May 6, 2013 (the "Settlement Agreement") and such other consideration set forth in the Settlement Agreement, Defendant Woodforest National Bank and Plaintiff, without admitting any liability or violation, have agreed, among other things in the Settlement Agreement, to the following:

1. Defendant has completed any ATM modifications and/or ATM replacements pursuant to its ADA compliance plan to meet the 2010 Americans with Disabilities Act Standards for Accessible Design ("2010 Standards"), including any applicable safe harbor, as of March 15, 2012.

2. Defendant has confirmed that it has an internal policy that provides that the Bank shall maintain its ATMs in compliance with the ADA and Chapter 7, Section 707, of the 2010 Standards, including any applicable safe harbor.

3. Defendant has confirmed that it has an employee or officer who is responsible for overseeing the implementation of the Defendant's ADA compliance plan for ATMs.

4. Defendant has agreed that Plaintiff's Counsel or their designee shall have the right to examine some or all of Defendant's ATMs for compliance with the 2010 Standards.

5. Defendant has agreed to pay certain attorney's fees and costs as set forth in a confidential letter agreement, as described in Paragraph 6 of the Settlement Agreement.

In accordance with the terms of this Stipulation and their Settlement Agreement, the parties request that the Court enter the attached Order dismissing with prejudice Plaintiff Ron Kolesar's individual claims and dismissing without prejudice the claims of any alleged class members, and retaining jurisdiction to interpret and enforce the terms of the Stipulation and Settlement Agreement entered into by the parties.

| By: **REED SMITH LLP** | By: **CARLSON LYNCH LTD.** |
|---|---|
| */s/ Roy W. Arnold* | */s/ R. Bruce Carlson* |
| Roy W. Arnold (PA I.D. 70544) | R. Bruce Carlson (PA I.D. 56657) |
| rarnold@reedsmith.com | bcarlson@carlsonlynch.com |
| James L. Rockney, Jr. (PA I.D. 200026) | Stephanie K. Goldin (PA I.D. 202865) |
| jrockney@reedsmith.com | sgoldin@carlsonlynch.com |
| 225 Fifth Avenue, Suite 1200 | 115 Federal Street – Suite 210 |
| Pittsburgh, PA 15222 | Pittsburgh, PA 15212 |
| Telephone: 412-288-3131 | Telephone: 412-322-9243 |
| Facsimile: 412-288-3063 | Facsimile: 412-231-0246 |
| *Attorneys for Defendant* | *Attorneys for Plaintiff* |
| *Woodforest National Bank* | *Ron Kolesar* |

Dated: May 29, 2013

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 29, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

                                                */s/ R. Bruce Carlson*
                                                R. Bruce Carlson